UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 22-1910-MWF (MARx) | | **Date:** June 13, 2022 |
| **Title:** Maria F. Torres v. Southern California Permanente Medical Group et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Amy Diaz

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF'S MOTION TO REMAND; REQUEST FOR FEES [12]; DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS AND MONETARY SANCTIONS IN THE AMOUNT OF $10,500 AGAINST PLAINTIFF AND HER COUNSEL [13]

Before the Court are two motions.

The first is Plaintiff Maria F. Torres' Motion to Remand; Request for Fees (the "Motion to Remand"), filed on April 19, 2022. (Docket No. 12). Defendants Southern California Permanente Medical Group, Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals filed an opposition (the "Remand Opp.") on May 2, 2022. (Docket No. 15). Plaintiff filed a reply (the "Remand Reply") on May 9, 2022. (Docket No. 16).

The second is Defendants' Motion for Discovery Sanctions and Monetary Sanctions in the Amount of $10,500 Against Plaintiff and Her Counsel (the "Motion for Sanctions"), filed on April 25, 2022. (Docket No. 13). Plaintiff filed an opposition (the "Sanctions Opp.") on May 2, 2022. (Docket No. 14). Defendants filed a reply (the "Sanctions Reply") on May 9, 2022. (Docket No. 18).

The Court has read and considered the Motion and held a hearing on **May 23, 2022**.

For the reasons set forth below, the Court rules as follows:

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                              Date:  June 13, 2022
Title:     Maria F. Torres v. Southern California Permanente Medical Group et al.

- The Motion to Remand is **DENIED**.  Defendants' removal was timely given Plaintiff's novel argument in the summary judgment opposition that her termination was inappropriate under the progressive disciplinary guidelines of the CBA, construed as a motion to amend that was subsequently accepted by the superior court and thus first provided removal grounds.  Plaintiff's claims require interpretation of the CBA and are therefore preempted by the LMRA.

- The Motion for Sanctions is **CONTINUED**.  Although Plaintiff's discovery misconduct appears to be disobedient and severe, the Court will give Plaintiff one opportunity to comply fully with the outstanding discovery orders, including document production and payment of sanctions.

## I.   BACKGROUND

This action was removed from Los Angeles Superior Court on March 23, 2022, on the basis of federal question jurisdiction.  (*See* Docket No. 1 ("NoR")).  The Complaint was originally filed on November 25, 2019.  (*See* NoR Exhibit 2 (Docket No. 41-1) at 4).

Plaintiff alleges that she was an employee of Defendants for over 16 years and received consistently high performance reviews, but after breaking bones in both arms on May 4, 2018, took medical leave until December 30, 2018 as she was unable to work.  (*See id.* ¶¶ 2, 9–20).  Plaintiff's "Basic Life Support" certification ("BLS"), or CPR card, expired during Plaintiff's medical leave, on November 30, 2018.  (*See id.* ¶¶ 21–22).  The clerk to Plaintiff's supervisor advised Plaintiff of the upcoming expiration; Plaintiff raised the issue that she could not renew the card while on medical leave and was informed she could return to work on December 31, 2018, and subsequently renew the certification.  (*See id.* ¶¶ 23–25).

Plaintiff alleges that despite permission to renew the certificate after returning to work, she was asked to clock out of her work, falsely accused of failing to update her supervisor about the expired card, and then terminated on February 6, 2019.  (*See id.* ¶¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-1910-MWF (MARx)           Date: June 13, 2022
Title:     Maria F. Torres v. Southern California Permanente Medical Group et al.

26–30).

Plaintiff brings causes of action for retaliation in violation of the California Family Rights Act ("CFRA"), Cal. Gov't Code section 12954.2, retaliation and age and disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code sections 12940(a), (a)(n), (m), and 12926(o), wrongful termination in violation of public policy, failure to remedy or prevent discrimination or retaliation in violation of FEHA, defamation, and intentional infliction of emotional distress. (*See id.* ¶¶ 34–105).

The Complaint prays for relief in the form of compensatory damages, interest, penalties, punitive damages, costs, and reinstatement. (*See id.* at 13–14).

II. **DISCUSSION**

A. **Motion to Remand**

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86–87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)). The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Defendants identified federal preemption under section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 141 *et seq.*, as grounds for removal. (*See* NoR at 2). Defendants state that a superior court order dated February 24, 2022, identified federal questions by interpreting the collective bargaining agreement ("CBA") because Plaintiff is a union employee. (*See id.* at 3). The NoR argues that Plaintiff's opposition to summary judgment first identified her argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                                    Date:  June 13, 2022
Title:     Maria F. Torres v. Southern California Permanente Medical Group et al.

that she was subject to an improperly high disciplinary action under the CBA because her working without her BLS license should have fallen onto a lower level of discipline.  (*See id.* at 3–4).

Defendants argue this argument is preempted under the LMRA and the superior court improperly considered Plaintiff's treatment under the CBA in denying summary adjudication on the discrimination and retaliation claims, though it was granted as to the claim for intentional infliction of emotional distress.  (*Id.* at 4).  More specifically, Defendants contend that because Plaintiff's argument requires interpretation of the CBA, LMRA preemption applies.  (*See id.* at 5).

Although the parties appear to dispute whether LMRA preemption actually applies, the Court first considers the timeliness of Defendants' removal, as finding removal untimely would be dispositive of the Motion to Remand.

### 1. Timeliness

Removal of civil suits is governed by 28 U.S.C. § 1446, which requires that a notice of removal be filed within 30 days after a defendant receives the initial pleading or the service of summons, whichever is shorter.  *See* 28 U.S.C. § 1446(b).  A case may also be removed within 30 days after a defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id*. at (b)(3).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Recently, the Ninth Circuit clarified the holding in *Harris*.  In *Dietrich v. Boeing Co*., the Ninth Circuit ruled that the time to remove after receipt of "another paper" under 28 U.S.C. § 1446(b)(3) starts when "a paper makes a ground for removal 'unequivocally clear and certain.'"  14 F.4th 1089, 1091 (9th Cir. 2021).  *Dietrich* held that Boeing's grounds for removal were not "unequivocally clear and certain" until the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                              Date:  June 13, 2022
Title:     Maria F. Torres v. Southern California Permanente Medical Group et al.

plaintiff identified, via an amended discovery response, grounds for removal under the federal officer removal statute based on the plaintiff's husband's military service, as the information available to Boeing prior to the discovery was "ambiguous or misleading" as to whether there were grounds to remove.  *Id*. at 1095.

The parties first dispute when, if ever, Defendants had notice of grounds for removal, with Plaintiff advancing various theories of potential times Defendants should have known of their right to remove.  (*See* Remand Reply at 3–10).

Plaintiff first argues that the Complaint specifically references the "union representative," and as such Defendants should have been on notice of their right to remove.  (*See id.* at 3 (quoting Complaint, ¶¶ 29, 92)).  However, nowhere in the Complaint does Plaintiff make clear her causes of action rely on the CBA between herself, as a union member, and Defendants or any disciplinary standards set by the CBA; the references to the representative are largely in passing and do not intertwine her claims with union status.  The Complaint therefore presents no grounds for removal on its face.

Plaintiff next identifies her discovery responses dated July 7, 2020, in which she stated that, as a union member, her employment was covered by the CBA and referenced the disciplinary policy of the CBA.  (*See id.* at 4–5).  The response, in relevant part, stated that Plaintiff "was a member of SEIU United Healthcare Workers-West" and "her employment with Kaiser was dictated by the terms and conditions as expressed by the collective bargaining agreement."  (*Id.* at 5).  In light of *Dietrich*, it is not apparent that these discovery responses are so "unequivocally clear and certain" so as to make evident grounds for removal, as it is not apparent that Plaintiff was relying on the progressive disciplinary policy of the CBA from this response alone; the information can be categorized as ambiguous as Plaintiff did not make explicit her theory that her termination violated the progressive discipline requirement of the CBA specifically.  14 F.4th at 1095.  Defendants were therefore justified in not removing on this other paper.

The deposition testimony of James Busalacchi also does not make "unequivocally clear" that Plaintiff sought to rely on the CBA as part of her claims.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-1910-MWF (MARx)           **Date:** June 13, 2022
**Title:**     Maria F. Torres v. Southern California Permanente Medical Group et al.

Plaintiff argues that the deposition testimony, in which Mr. Busalacchi, Senior Labor Relations Representative, discussed "'concerns that [he] had in applying just cause and the arbitration decision (CBA decision),'" shows "Plaintiff was again relying upon a reference to the CBA to show that her discipline was disproportionate." (Remand Reply at 7 (citation omitted)). Plaintiff does not indicate how she specifically connects Mr. Busalacchi's opinion and references to the CBA to her own reliance on the CBA as part of her claims. Defendants were thus not untimely for failing to remove on this basis.

       Plaintiff's opposition to Defendants' motion for summary judgment, dated November 30, 2021, additionally references the CBA, including arguing that "[p]rogressive discipline was required by the CBA, *and there was none*. Kaiser went straight to Level 5 termination without considering the ten factors used to determine whether they could skip progressive discipline." (*Id.* at 8 (emphasis in original) (citation omitted)). According to Plaintiff, which seems to comport with Defendants' arguments, Defendants acknowledged and argued federal preemption under the LMRA in their reply to their summary judgment motion on January 21, 2022. The superior court ruled on the summary judgment motion on February 24, 2022.

       Defendants argue that because there were no prior allegations or theories as to the CBA, Plaintiff's opposition to the summary judgment motion should be construed as a motion to amend. (*See* Remand Opp. at 21–22 (citations omitted)). Defendants cite to *Reyes v. Dollar Tree Stores, Inc.* for the proposition that the removal clock does not start to run until the state court rules on the plaintiff's effective motion to amend. *See* 781 F.3d 1185, 1189 (9th Cir. 2015).

       In *Reyes*, after the district court remanded the case based on the narrow class definition of the amended complaint, the plaintiff moved to certify the class before the superior court based on the definition in the complaint; the superior court, however, deemed the class unascertainable and used California law to redefine and broaden the class, at which point the defendant removed the case again. *See id.* at 1186–88. The district court granted the plaintiff's second remand motion, finding removal untimely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                           Date:  June 13, 2022
Title:      Maria F. Torres v. Southern California Permanente Medical Group et al.

"because it was based on the same class definition . . . that had been subject of the first removal." *Id.* at 1188.

The Ninth Circuit reversed, finding that "[w]hen the superior court later certified a broader class, it increased the amount in controversy, effectively amending the complaint" and therefore making removal timely because the superior court's new class definition "created a new amount in controversy not presented in the amended complaint." *Id.* at 1189 (citation omitted).

*Reyes* is distinguishable because the plaintiff there did not make unambiguous the grounds to remove – the plaintiff specifically sought a class definition that was *not* removable, and the superior court instead made the class definition into one that was ultimately removable. *See id.* In contrast, Plaintiff's opposition to summary judgment first raised her reliance on the CBA, and thus the potential of LMRA preemption, as recognized by Defendants on reply.

This distinguishability does not resolve the ultimate question of **when** Defendants should remove or should have removed – either upon receipt of the summary judgment opposition, which clearly qualifies as an "other paper," or upon receipt of the summary judgment order.

At the hearing, Plaintiff argues that Defendants were aware of Plaintiff's union membership and it was at issue.  Plaintiff also argued that she clearly relied on Busalacchi's deposition testimony, in which he discussed the CBA and progressive discipline, and set forth the theory in her interrogatory responses.  Additionally, Plaintiff argued that defense counsel was aware of the reliance because Plaintiff's counsel has also used the same theory in other cases.

In response, Defendants argued that their counsel's knowledge or belief as to Plaintiff's theories is irrelevant under *Dietrich* and they are not required to guess as to Plaintiff's legal theories, even if Plaintiff's "exploring" of the legal theory started to become evident at the deposition.  Defendants also argued they waited to remove until after summary judgment in order to avoid premature removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                              Date:  June 13, 2022
Title:    Maria F. Torres v. Southern California Permanente Medical Group et al.

Plaintiff countered that Busalacchi clearly referenced the CBA and lack of progressive discipline, and Defendants "knew the issue would arise."

As discussed above, this putative reliance is insufficient to meet the standard of *Dietrich*. *See* 14 F.4th at 1094. The discovery responses reference the CBA and Plaintiff's union status but do not make "unequivocally clear" that her claims are predicated on the CBA itself – such as by arguing her termination violated the progressive discipline policies of the CBA. *Id.* Additionally, just because a deponent, Busalacchi, referenced the CBA and progressive discipline does not mean that that theory is the one on which Plaintiff is electing to proceed.

Plaintiff also referenced *Knutson v. Allis-Chalmers Corp.*, arguing that there a summary judgment opposition was found to be an "other paper" triggering the removal statute. *See* 358 F. Supp. 2d 983 (D. Nev. 2005). In *Knutson*, the district court deemed the defendants' removal untimely because the factual basis for removal was evident in the complaint; "the Opposition does not provide any further legal support for Plaintiff's claims than what is provided in the original Complaint," and "[t]he Opposition also does not allege additional or different supporting *facts* from those alleged in the Complaint." *Id.* at 997 (emphasis in original).

*Knutson* significantly predates *Dietrich*, and also predates *Harris*, which was argued on June 10, 2005, and filed on October 6, 2005. *Knutson* placed upon "Defendants' [the] responsibility to analyze the facts and law as alleged in the original complaint to determine whether the suit is removable." *Id.* at 996. This is no longer the standard under *Dietrich*.

As discussed above, the Complaint here did not make "unequivocally clear" the removability of the case; Plaintiff's theory was not made explicit until she opposed summary judgment in the district court, and under *Dietrich*, Defendants had no duty to scour "the [amended pleading, motion, order or other paper]" for "a sufficient 'clue'" as to removability. 14 F.4th at 1094 (citation omitted) (modification in original). *Knutson* is therefore distinguishable, as the grounds for removability here were not made clear until either the summary judgment opposition or Judge Kalra's ruling accepting the new theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                                    Date:  June 13, 2022
Title:     Maria F. Torres v. Southern California Permanente Medical Group et al.

      The Court must ultimately conclude that removal based on the superior court's summary judgment order was timely.  As discussed above, nowhere before did Plaintiff make clear her theory of reliance on the CBA, and the first time she made that theory "unequivocally clear and certain" was in her opposition to summary judgment in superior court.  *Id.*  The opposition was then functionally a motion to amend the pleadings because the theory had never before been pled.  It is unclear whether such a motion is proper under California law, but the superior court seems to have accepted such practice here in ruling on Plaintiff's theory.  *Cf. Laabs v. City of Victorville*, 163 Cal. App. 4th 1242, 1259, 78 Cal. Rptr. 3d 372 (2008) ("To allow a party to expand its pleadings by way of opposition papers creates, as it would here, an unwieldy process").

      "[W]hen pleadings are amended so as to establish federal jurisdiction where none existed before, a [] removal petition is plainly proper." *Reyes*, 781 F.3d at 1188–89.  Here, removal solely on the opposition likely would have been premature:  had the superior court declined to consider Plaintiff's additional argument, the grounds for removal would not have been certain, undermining the aims of *Dietrich* and its predecessors, and, on the briefing, it appears unlikely there would even have been federal jurisdiction upon such a rejection.  14 F.4th at 1094 (unequivocally clear and certain standard aims to 'bring[] certainty and predictability' to removals and "prevent strategic delays" (citation omitted) (modification in original)).  Predicating removal on opposition papers presenting a novel theory not part of the pleadings would incentivize defendants to remove early and likely prematurely, also contrary to the goals of *Dietrich*.  *Cf. id.*  Removal after receipt of an opposition would additionally inappropriately imbalance the roles of the superior court and district courts.

      Accordingly, because Plaintiff did not make clear her reliance on the progressive disciplinary provisions as part of her legal theory until the opposition papers, and given that that theory had not prior been "unequivocally clear and certain" until the superior court accepted Plaintiff's theory, the proper time for Defendants to remove was after the superior court issued its order accepting Plaintiff's theory, effectively amending the pleadings.  *Id.*  Removal was therefore timely, and the Court must consider whether LMRA preemption applies.

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 9 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                     Date:  June 13, 2022
Title:      Maria F. Torres v. Southern California Permanente Medical Group et al.

### 2. LMRA preemption

The Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts.  *See Curtis v. Irwin Indus., Inc*., 913 F.3d 1146, 1151 (9th Cir. 2019).  Section 301 of the LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'"  *McCray v. Marriott Hotel Servs., Inc*., 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 184(a)).

"By enacting the LMRA, Congress completely preempted state law for certain labor-related claims."  *Id*.  Because these areas are completely preempted, any such claim is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.  *See id.*  "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court."  *Curtis*, 913 F.3d at 1152.

But "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211 (1985)).

To determine what claims are preempted under § 301, the Ninth Circuit has adopted a two-step inquiry.  First, if the asserted cause of action involves a right that exists solely as a result of the CBA, then the claim is preempted and the analysis ends there.  *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  Second, if a plaintiff's state law right is substantially dependent on analysis of the CBA, then the claim is preempted.  *See id*.

The parties initially appear to dispute both factors of the *Burnside* test, with Plaintiff arguing first that progressive discipline is not a right stemming exclusively from the CBA and second that no interpretation of the CBA is required.  (*See* Motion to Remand at 9 ("Progressive discipline is a right given to Kaiser union and non-

---

**CIVIL MINUTES—GENERAL**                                                                                      10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-1910-MWF (MARx)                              Date:  June 13, 2022
Title:       Maria F. Torres v. Southern California Permanente Medical Group et al.

unionized employees alike"), 10 ("There is no interpretation of the CBA required in this case").

Defendants argue the claims require preemption because FEHA cases are not "categorically exempt from LMRA preemption," Plaintiff's theory requires interpretation of the disciplinary provisions of the CBA, Plaintiff's wrongful termination, failure to prevent, and defamation claims are preempted for the same reasons, and any other claims may be properly before the Court with supplemental jurisdiction.  (Remand Opp. at 9–16).

In her reply, Plaintiff cites cases finding that LMRA preemption did not apply when involving Kaiser's CBA, argues that there is no dispute over interpretation of the CBA, and that the cited disciplinary terms are not even part of the CBA.  (*See* Remand Reply at 13–17).

### a.  Rights from the CBA

The parties do not in fact seem to meaningfully disagree as to whether Plaintiff's rights regarding progressive discipline stem from the CBA; Defendants' opposition centers primarily on whether Plaintiff's claims require interpretation of the CBA and does not contest that Plaintiff's claims arise out of state law.  (*See* Remand Opp. at 9).

The Court agrees that the causes of action do not implicate rights existing solely because of the CBA, and accordingly focuses analysis on the disputed second part of the *Burnside* test.

### b.  Interpretation of the CBA

The argument Plaintiff introduced in superior court is that "Kaiser failed to follow its own progressive discipline policies required by the CBA."  (Docket No. 4-7 at 40, 51).  The central part of Plaintiff's argument is that Kaiser did not consider the ten factors of corrective action as required given her union status.  (*See id.* at 51–52). Even in her reply, where Plaintiff argues that the "progressive discipline guidelines [] are not actually part of the CBA," Remand Reply at 14 (emphasis removed), she next

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-1910-MWF (MARx)           Date: June 13, 2022
Title:     Maria F. Torres v. Southern California Permanente Medical Group et al.

states that the policy "simply states that **union** employees are entitled to five levels of discipline," *id.* at 14 (emphasis added). Plaintiff's opposition in superior court explicitly linked the CBA and the disciplinary guidelines.

It is unclear how Plaintiff's claim can be resolved without interpretation of the progressive discipline policy under the CBA. As Defendants argue, in order to prove Plaintiff's claims, including that she was retaliated against for taking medical leave, for her disability, and for her age, wrongful termination, failure to prevent discrimination or retaliation, and defamation, she will need to prove that, under the progressive discipline guidelines applicable to union employees, her termination was inappropriate.

This will inevitably require interpretation of the CBA given Plaintiff's allegation of her high performance at work and subsequent termination because evidence will need to be set forth concerning appropriate discipline under each step of the guidelines and relevant factors, and the ultimate determination will necessarily interpret the guidelines to conclude whether the termination was proper. The right asserted, to progressive disciplinary action against a union employee, necessarily requires interpretation of the CBA, not just referencing or consideration thereof. *See Allis-Chalmers*, 471 U.S. at 218.

Whether Plaintiff's termination was appropriate in light of the progressive disciplinary guidelines requires interpretation of the guidelines in the CBA. Plaintiff's claims are therefore preempted by § 301 of the LMRA.

At the hearing, Plaintiff referenced two cases and argued their support for Plaintiff's position that her claims are not preempted by the LMRA. The first case is *Panicker v. Kaiser Found. Health Plan, Inc. See* CV 08-726 DDP (CTx), 2008 WL 11336659 (C.D. Cal. April 18, 2008). There, the district court found that LMRA preemption did not apply as the plaintiff's claims were either predicated on rights created by state law or merely referenced the CBA without requiring interpretation of the CBA; the defendant had not "raised a dispute about the meaning of terms, nor shown that an interpretation of terms is necessary." *Id.* at \*2–\*5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-1910-MWF (MARx) | Date:  June 13, 2022 |
| Title:      Maria F. Torres v. Southern California Permanente Medical Group et al. | |

Plaintiff's second referenced case was *Estes v. Kaiser Found. Health Plan, Inc. See* EDCV 10-807 VAP (DTBx), 2010 WL 11595713 (C.D. Cal. Aug. 6, 2010).  In that case, the district court found that any applicable preemption by the LMRA would be solely defensive, as the plaintiff alleged various state law claims that did not "state on their face a breach of the CBA," and therefore were not preempted.  *Id.* at *3–*4.

These cases are distinguishable for the reasons stated above:  Plaintiff's theory requires interpretation of the CBA.  Although Plaintiff argues the failure to provide progressive discipline at all does not require interpretation of the CBA, and progressive discipline is not a right exclusive to unionized employees at Kaiser, the argument set forth by Plaintiff was that "Kaiser failed to follow its own progressive discipline policies required by the CBA."  (Docket No. 4-7 at 40, 51).  This theory clearly relies on the CBA, and Kaiser's putative "fail[ure] to follow" the "progressive discipline policies" will necessarily require interpretation of the policies, including under what conditions immediate termination without other levels of progressive language is appropriate, thereby preempting the claims under the LMRA.  (*Id.*).

The removal being timely and the claims preempted under the LMRA, Defendants' removal was proper.  No grounds therefore exist to award fees to Plaintiff.

Accordingly, the Motion to Remand is **DENIED**.

### B.     Motion for Sanctions

Defendants move for sanctions against Plaintiff, arguing a history of discovery abuse and disobedience of court orders.  (*See* Memorandum (Docket No. 13-1) at 1).  In particular, Defendants point to Plaintiff's repeated failure to produce text messages and associated metadata in violation of the superior court discovery referee's orders and to pay sanctions for such failure, *see id.* at 7–11, refusal to answer questions about her disability and to pay sanctions related to that refusal, *see id.* at 11–12, refusal to identify healthcare providers and produce medical records about her alleged emotional distress and disability, *see id.* at 12–14, refusal to disclose and produce records of unemployment and disability benefits, *see id.* at 14–15, and refusal to pay sanctions, *see id.* at 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-1910-MWF (MARx)            **Date:** June 13, 2022
**Title:**    Maria F. Torres v. Southern California Permanente Medical Group et al.

Defendants request that the Court designated specific facts as established for purposes of the case, including that Plaintiff could have renewed her BLS certificate before her return to work, Defendants did not cause emotional distress, Plaintiff did not attempt to mitigate damages, did not seek new employment due to receiving unemployment benefits, and made differing representations to the Employment Development Department from those made to Defendants concerning her disability, disability benefits, unemployment benefits, and job search efforts.  (*See id.* at 19–21).

Defendants also seek evidentiary sanctions barring Plaintiff from introducing argument or evidence as to her medical restrictions that may have prevented her from renewing her BLS certificate before returning to work, additional evidence of mitigation besides that already produced, her motivation for searching for new jobs, representations made to the Employment Development Department concerning her disability, unemployment and disability benefits, and searches for new jobs, or that Defendants caused her emotional distress.  (*See id.* at 21).

Next, Defendants seek adverse inference sanctions due to Plaintiff's refusal to produce text messages in native format, requesting an instruction that it can be inferred that Plaintiff destroyed the messages to avoid production and that the messages, if produced, would have contained information damaging to her claims.  (*See id.* at 23).

Defendants finally seek monetary sanctions in the amount of $500 per day until she complies with the discovery orders of the superior court and an additional $10,500 to compensate for the fees and costs Defendants incurred in bringing the Motion for Sanctions.  (*See id.* at 23–25).

In opposing the Motion for Sanctions, Plaintiff states that she agrees to provide outstanding discovery items within eight days once the case is remanded to state court, as that was the time remaining before the filing of the removal, based on her Motion to Remand.  (*See* Remand Opp. at 5).  Plaintiff further argues against the Court's jurisdiction, that any production of text messages without metadata was inadvertent, that her deposition testimony has been voluminous, and that she was only recently ordered to produce unemployment and medical records and intends to do so upon resolution of the jurisdictional question.  (*See id.* at 7–9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-1910-MWF (MARx)          **Date:** June 13, 2022
**Title:** Maria F. Torres v. Southern California Permanente Medical Group et al.

In their reply, Defendants argue that Plaintiff has never countered their argument that the superior court's orders remained in effect after removal and compliance is not excused, the Court has jurisdiction, and Plaintiff has not disputed the propriety of the sanctions. (*See* Sanctions Reply at 2–3). Defendants emphasize that the superior court discovery order was never stayed and even if the Court remanded the case, any imposed sanctions survive the remand. (*See id.* at 5–6). Defendants additionally contend that Plaintiff never argued against the sanctions proposed by Defendants. (*See id.* at 6–12).

At the hearing, Defendants argued that there is no dispute as to the superior court orders or that they remained in effect, and accordingly there is no justification for Plaintiff's failure to comply, making the failure willful misconduct.

In response, Plaintiff acknowledged that the discovery is due, but alleged that Defendants had also failed to comply with discovery requirements by failing to produce a witness for a deposition.

Federal Rule of Civil Procedure 37 authorized broad sanctions for failure of a party to obey a discovery order, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "order[ing] the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2). Continued noncompliance with court orders can properly result in terminating sanctions against the disobedient party. *See*, *e.g.*, *Khan v. Rogers*, 854 F. App'x 224 (Mem) (9th Cir. 2021).

Additionally, when a case is removed from state court to federal court, all orders from state court remain in place, and the federal court case picks up where the state court left off. *See Leong v. Havens*, CV 18-3603-JST, 2028 4276071, at *3 (N.D. Cal. Sept. 7, 2018) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423, 436 (1974), 28 U.S.C. § 1450).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-1910-MWF (MARx)            **Date:** June 13, 2022
**Title:**    Maria F. Torres v. Southern California Permanente Medical Group et al.

---

As evidenced by the superior court orders and Defendants' briefing, Plaintiff's discovery disobedience is serious and without justification. Plaintiff otherwise does not appear to seriously dispute Defendants' claims of Plaintiff's noncompliance, with the opposition impliedly conceding that Plaintiff has indeed failed to comport with the discovery orders of the superior court.

Plaintiff indicated her intent to comply with the outstanding discovery orders on remand. As discussed above, the Court has jurisdiction, the case was removed properly, and will not be remanded, and it is unclear why compliance with the orders would have been stayed. However, the Court, at its discretion, will give Plaintiff one last chance to comply with the outstanding discovery orders before issuing additional sanctions, up to and including those requested by Defendants, if not additional. The Court additionally expects Defendants to be compliant with all outstanding discovery orders, if any.

Plaintiff is accordingly **ORDERED** to fully comply with all outstanding superior court discovery orders, including production of documents and payment of sanctions, no later than **June 21, 2022.** If Plaintiff fails to comply, Defendants shall promptly notify the Court and the Court shall issue a further Order on the Motion for Sanctions.

The Motion for Sanctions is accordingly **CONTINUED** pending one chance for Plaintiff to fully comply with the terms of the discovery orders issued before removal.

### III.  CONCLUSION

The Motion to Remand is **DENIED**.

The Motion for Sanctions is **CONTINUED** pending Plaintiff's compliance with the outstanding superior court discovery orders. Failure to comply by **June 21, 2022**, will result in the imposition of additional sanctions.

IT IS SO ORDERED.

---